IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER EVANS, | § § | |
| Plaintiff, | § § | |
| v. | § § § | C.A. NO. 1:18-cv-266 |
| CENTENE CORPORATION and SUPERIOR HEALTHPLAN, INC. | § § § § | JURY DEMANDED |
| Defendants. | § § | |

**COMPLAINT**

Plaintiff, JENNIFER EVANS, files this Complaint and Jury Demand against Defendants CENTENE CORPORATION and SUPERIOR HEALTHPLAN, INC. alleging willful violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA"); and the Texas Commission on Human Rights Act. For causes of action, Plaintiff would show the Court as follows:

**I.
PARTIES, JURISDICTION, AND VENUE**

1.  Plaintiff JENNIFER EVANS is a resident of Travis County, Texas.

2.  Defendant CENTENE CORPORATION is an entity which can be served with Citation through its Registered Agent, CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3. Defendant SUPERIOR HEALTHPLAN, INC. is an entity which can be served with Citation through its Registered Agent, CT CORPORATION SYSTEM, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

4. At all times relevant to this case, Defendants Centene Corporation and Superior Health Plan, Inc. acted as Plaintiff's employer or joint employer.

5. This Court has jurisdiction to hear the merits of Ms. Evans' claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Ms. Evans' claims arising under Texas statutory law under 28 U.S.C. §1367.

6. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred in within this district and division.

## II.
## FACTUAL BACKGROUND

6. Ms. Evans was hired by Defendants in September 2013 as a Program Coordinator. She was promoted to the position of Provider Relations Specialist in March 2015, and then voluntarily returned to the Program Coordinator position in another department in March 2016.

7. In February 2016, Ms. Evans began a period of leave under the Family and Medical Leave Act for severe anemia. She returned to work for three days in May 2016, and then requested an accommodation under the Americans with Disabilities Act of working three days per week temporarily. However, Defendants refused her request for accommodation on June 6, 2016, and would not permit Ms. Evans to return to work with the accommodation, though she was ready and willing to do so.

8. Following Defendants' refusal of her accommodation request, Ms. Evans began experiencing symptoms of depression and anxiety. Between June 6, 2016, and the termination of

her employment, Ms. Evans' doctor continued to send notes updating Defendants about her status and when she would be able to return to work. The last note stated that would be released to return to work on October 31, 2016.

9. On October 13, 2016, Defendants sent Ms. Evans a letter by overnight mail stating that if she did not return to work or provide medical documentation by October 14, 2016, at 5pm, she would be terminated. Ms. Evans received the letter on October 14 just after 10am, and immediately sent Defendants an e-mail requesting an accommodation of an additional two-week period of leave, until October 31, 2016, as a reasonable accommodation. Defendants denied her request and terminated her employment instead. Defendants then informed the Texas Workforce Commission that they considered Ms. Evans to have resigned her employment on October 14, 2016. However, Ms. Evans had not resigned, and had notified Defendants on October 14 that she was prepared to return to work on October 31, 2016.

### III.
### CAUSE OF ACTION
### Discrimination on the Basis of Disability
### in violation of the ADA and TCHRA

9. Defendants violated the Americans with Disabilities Act and the Texas Commission on Human Rights Act by refusing Plaintiff reasonable accommodations and by discharging Plaintiff. 42 U.S.C. § 12101 et seq.; Texas Labor Code §21.001 et seq.

10. Under 42 U.S.C. §12112 and the Texas Labor Code, §21.001 et seq., it is unlawful for an employer to discriminate against any individual with respect to her employment because of that individual's disability or because the employer regards the individual as a person with a disability.

11. Defendants are employers under the ADA and the TCHRA.

12. Plaintiff was qualified for and could perform the essential functions of her job at the time of her termination. Plaintiff is a qualified individual with a disability, is a qualified individual with a record of a disability, and was regarded by the Defendants as a person with a disability.

13. Plaintiff was meeting her employer's expectations. Plaintiff was terminated as a direct result of her disability, her record of having a disability, and/or because Defendants regarded Plaintiff as a person with a disability.

14. Defendants violated both the ADA and TCHRA by intentionally discriminating against Plaintiff because of her disability by refusing Plaintiff reasonable accommodations and by terminating Plaintiff's employment. Plaintiff's disability and/or being regarded as disabled was a determining or motivating factor in Defendants' decision to terminate Plaintiff's employment. Plaintiff's disability and/or Defendants' perception of Plaintiff as a person with a disability moved Defendants toward their decision or was a factor that played a part in Defendants' employment decisions as to Plaintiff.

## IV.
## DAMAGES

15. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future. Plaintiff has also incurred other actual damages as a result of Defendants' unlawful

conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

16. Defendants intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her disability, her record of having a disability, and/or because Defendants regarded Plaintiff as being disabled. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

17. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

18. A prevailing party may recover reasonable attorneys' and experts' fees under the Americans with Disabilities Act and the Texas Commission on Human Rights Act.  Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services,and any appeals.  Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

19. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
902 East Fifth Street, Suite 207
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 24060888
ATTORNEY FOR PLAINTIFF